# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:18-CV-00819-SVW-KK | Date | April 24, 2018 |
| Title | *Tracy Piazza Leaton v. Chul Jong Yoo et al.* | | |

## JS-6

Present: The Honorable    STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:**    IN CHAMBERS ORDER REMANDING CASE

## I.    INTRODUCTION

Plaintiff sued Defendant in San Bernardino Superior Court for unlawful detainer. Plaintiff alleges that Defendant failed to pay rent, and thus gave Defendant a notice to pay rent or quit. On April 20, 2018, Defendant removed the case to this Court. Dkt. 1. Defendant asserts that Plaintiff's actions violate Defendant's constitutional and federal rights, and Defendant therefore believes the federal court is the proper forum. Dkt. 1 at 2. For the following reasons, the Court REMANDS this case to state court.

## II.    LEGAL STANDARD

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, sua sponte, at any time during the pendency of the action.'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))). Removal jurisdiction statutes are strictly construed against removal. *See Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." *Harris v. Provident Life and Accident Ins. Co.*, 26 F.3d 930 (9th Cir.1994) (quoting *Gould v. Mut. Life Ins. Co. of New York*, 790 F.2d 769, 771 (9th Cir.1986)).

:    
Initials of Preparer

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:18-CV-00819-SVW-KK | Date | April 24, 2018 |
|---|---|---|---|
| Title | *Tracy Piazza Leaton v. Chul Jong Yoo et al.* | | |

It is well settled that unlawful detainer actions are strictly within the province of the state court, even if the defendant asserts her federal rights have been violated. *See McGee v. Seagraves*, 2006 WL 2014142 (E.D. Cal. July 17, 2006) (remanding unlawful detainer actions despite defendant asserting violations of her federal rights); *see also Deutsche Bank Nat'l Trust v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at*2 (C.D. Cal. Aug. 1, 2011); *Wells Fargo Bank NA v. Zimmerman*, No. 215CV08268CASMRWX, 2015 WL 6948576, at *3 (C.D. Cal. Nov. 10, 2015).

Defendant attempts to remove this case pursuant to 28 U.S.C. § 1441. However, "a defense to an action, based on constitutional rules of general applicability, is not a sufficient basis to remove an action to federal court." *McGee*, 2006 WL 2014142, at *3 (citing *Berg v. Leason*, 32 F.3d 422, 426 (9th Cir.1994) ("[N]either an affirmative defense based on federal law ... nor one based on federal preemption ... renders an action brought in state court removable.")).

### III.   ANALYSIS

Plaintiff asserts a single claim for unlawful detainer. There is nothing on the face of the complaint that would raise a federal question. Defendant asserts federal rights as a defense, yet this does not confer a proper basis for removal. *See Berg*, 32 F.3d at 426. Defendant is able to assert any federal defenses in state court, and seek the appropriate appeal if Defendant believes they are unfairly or incorrectly ruled upon.

### IV.   CONCLUSION

The Court REMANDS this case to San Bernardino Superior Court.

:

Initials of Preparer